**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL STRADFORD, | Civil Action No.: 10-2323 (JLL) |
| Petitioner, | |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**LINARES**, District Judge.

This matter comes before the Court on a motion by Petitioner Michael Stradford, a prisoner at the Federal Correctional Institution in Fort Dix, New Jersey, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent the United States submitted an answer in response to Petitioner's motion. The Court has considered both parties' submissions, and for the reasons set forth below, Petitioner's motion is denied.

**I.      BACKGROUND**

On January 3, 2008, Petitioner pled guilty to distribution and possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 18 U.S.C. § 2. On July 16, 2008, Petitioner was sentenced to 188 months imprisonment based on an offense level of 31. The United States Sentencing Guidelines provided for a minimum sentence of 188 months and maximum of 235 months, and § 841 provided for minimum sentence of 5 years and maximum of 40 years.

At the sentencing hearing, the Court explained in detail the reasoning behind the sentence that it imposed.  The Court began:

> I know the guidelines are now advisory rather than mandatory.  I know that under <u>Booker</u> and under <u>Fanfan</u> that the Court held them unconstitutional, those provisions of the Sentencing Reform Act that made the guidelines mandatory, but they still are consulted by me in deciding what is an appropriate sentence, together with the other sentencing goals set forth in Section 3553, such as the need to avoid unwarranted sentencing disparities of other people that have been sentenced for similar actions and similar crimes, sentences that reflect the seriousness of the offense charged, provide restitution to victims, take into account the defendant's prior criminal history as is the case here, that provide just punishment, and afford adequate deterrence from other people being involved in the same type of activity.

(Tr. of July 16, 2008 at 19:22-20:11.)  The Court explained, "The activity involved here was of a very serious nature.  It involved the trafficking of a substantial amount of drugs, 156 grams."  (<u>Id.</u> at 20:12-1.)  The Court further explained that the sentencing range was "driven . . . by the fact that [Petitioner] is a career offender by virtue of his prior record," which included convictions for "possession of a gun, possession of heroin and distribution of heroin on separate occasions."  (<u>Id.</u> at 21:5-12.)  The Court stated that Petitioner "is 35 years old and has an extensive criminal record."  (<u>Id.</u> at 21:24-25.)

The Court described "[t]he hardship that [Petitioner] has created upon his family."  (<u>Id.</u> at 21:14.)  The Court continued, "I am convinced that he has supportive family by virtue of the letters that I have received, who apparently have stuck by him, notwithstanding all of the times that he has been involved in the criminal justice system."  (<u>Id.</u> at 21:16-20.)  But the Court further explained that "the hardship that has been created on his family has been created by virtue of his actions."  (<u>Id.</u> at 21:25-22:2.)  The Court also considered "the conditions of the Passaic County Jail" as reported by a newspaper article that Petitioner submitted to the Court, <u>id.</u> at 22:10-19, but

noted that Petitioner "has not benefitted from prior probationary periods, incarceration periods, community service periods, and he seemed to be unphased by whatever sentences have been issued prior to this time." (Id. at 23:2-5.)  The Court finally noted that its "original impression" before reading defense counsel's submissions was that a sentence "more towards the top or middle of the range was appropriate," id. at 22:20-23, but after considering the factors described above and other arguments submitted by defense counsel, the Court sentenced Petitioner "to be imprisoned the minimum term under the guidelines of 188 months." (Id. at 23:11-15.)

Petitioner's request for relief under § 2255 rests on the argument that the Court imposed the United States Sentencing Guidelines in a mandatory fashion in violation of United States v. Booker, 543 U.S. 220 (2005).  (Pet. at 16.)  Petitioner further claims ineffective assistance of counsel based on his attorney's failure to raise this issue at Petitioner's sentencing hearing or on appeal.  (Pet. at 26.)

## II.   DISCUSSION

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his sentence.  Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In considering the instant § 2255 motion, the Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Garvia, 270 F. App'x 141, 143 (3d Cir. 2008) (unreported) (citing United States v. Booth, 432

F.3d 542, 545 (3d Cir. 2005)).[1]  Moreover, the Court "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief."  Government of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  With this framework in mind, the Court turns now to Petitioner's arguments.

In Booker, the Supreme Court held that district courts are not bound by the Sentencing Guidelines but must consult them and take them into account when sentencing.  See Booker, 543 U.S. at 264; see also United States v. Severino, 454 F.3d 206, 210 (3d Cir. 2006).  As part of its consideration of the Guidelines, "a trial court must calculate the correct guidelines range applicable to a defendant's particular circumstances."  United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006).  This includes the guidelines provided under 18 U.S.C. § 3553(a) as well as under U.S.S.G. § 4B1.1, the career offender provision.  Nabried v. United States, 199 F. App'x 102, 104 (3d Cir. 2006), cert. denied, 130 S.Ct. 138 (2009).  However, the court  "need not discuss every argument made by a litigant if an argument is clearly without merit.  Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."  Cooper, 437 F.3d at 329 (citations omitted).

Here, the Court explicitly stated at the sentencing hearing that the Sentencing Guidelines are not mandatory, and there is no evidence in the record that the Court applied the Guidelines in a mandatory fashion.  The Court thoroughly addressed on the record the § 3553(a) factors and the arguments of counsel.  The Court described the "very serious nature" of the crime committed and Petitioner's "extensive criminal record," which resulted in Petitioner's status as a career criminal

---

[1]Given Petitioner's pro se status, the Court will also construe the instant motion liberally. See generally Haines v. Kerner, 404 U.S. 519, 520 (1972).

under § 4B1.1.  The Court rejected defense counsel's argument that the career offender guideline overstated Petitioner's criminal history, noting that Petitioner's previous convictions were not for "only marijuana," as argued by counsel, but involved the possession and distribution of heroin, as well as possession of a gun.  The Court further considered the letters sent by Petitioner's family and materials submitted by defense counsel regarding the condition of the Passaic County Jail.  Taking these considerations and the arguments and submissions of counsel into account, the Court entered a sentence at the minimum of the guideline range, revising downward its "original impression" of the appropriate sentence.  Far from imposing the Guidelines in a mandatory fashion, the Court considered both § 3553(a) and § 4B1.1 and the submissions of counsel and stated on the record that "the guidelines are now advisory rather than mandatory."  There is simply no evidence to support a claim that the Court treated the Guidelines as mandatory in violation of Booker.

As such, Petitioner's ineffective assistance of counsel claim is without merit.  In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for ineffective assistance of counsel claims.  Here the Court need only reach the first prong, which states that a defendant must show that counsel's performance was deficient in a manner that was "so serious as to deprive the defendant of a fair trial."  Id. at 687.  Because there is no evidence to show that the Court applied the Guidelines in a mandatory fashion, Petitioner cannot establish that his attorney performed deficiently in failing to raise the issue at sentencing or on appeal.  Petitioner's motion under § 2255 based on ineffective assistance of counsel must therefore be denied.

As Petitioner's claims have no basis in the record, he is not entitled to an evidentiary

hearing.  The Court need not hold an evidentiary hearing where the record, as here, shows "conclusively that the movant is not entitled to relief."  <u>Forte</u>, 865 F.2d at 62.  Petitioner's motion raises no issues of material fact and relies instead on the sentencing record to support purely legal arguments.  The Court has addressed these arguments and has concluded that they are without merit.  Petitioner is therefore not entitled to an evidentiary hearing.

**III.     CONCLUSION**

Based on the foregoing, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.  An appropriate Order accompanies this Opinion.


DATED: November 22, 2010                         /s/ Jose L. Linares
                                                 JOSE L. LINARES
                                                 UNITED STATES DISTRICT JUDGE